NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50131 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:21-cr-01799-BAS-1 |
| RODOLFO MORALES-CORTEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted December 6, 2023[**]
Pasadena, California

Before:  CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Rodolfo Morales-Cortez (Morales) appeals from his jury conviction and

sentence for one count of improper entry by an alien in violation of 8 U.S.C.

§ 1325(a)(1).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm.

1.     Morales argues that the district court erred in denying his motion for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment of acquittal because the government did not provide sufficient evidence to show that Morales entered the United States at a place other than an immigration facility at a designated port of entry. *See* 8 U.S.C. § 1325(a)(1). This argument fails because the government presented sufficient evidence to establish this element of the offense.

The government presented evidence that, when "viewed in the light most favorable to the government," *United States v. Jackson*, 24 F.4th 1308, 1312 (9th Cir. 2022), showed Morales was apprehended near a canyon known for frequent illegal crossings, that individuals often proceeded north towards the apprehension site after crossing that canyon, and that footprints were found south and north of the major highway leading away from the closest designated port of entry. The jury could find from this evidence, based on "reasonable inferences" and not "mere speculation," that Morales did not cross the border at a port of entry. *See United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc) ("[E]vidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case."). Thus, the evidence was sufficient to support the jury's verdict.

2.      Morales next argues that the prosecutor violated due process by misstating the evidence during his closing argument. Whether reviewed de novo or for an abuse of discretion, this argument fails because Morales was not

2

prejudiced by the prosecutor's misstatements. *See United States v. Velazquez*, 1 F.4th 1132, 1137 (9th Cir. 2021) (noting "potential intra-circuit conflict on the standard of review for challenges to prosecutorial comments").

The prosecutor made misstatements during closing arguments that improperly implied that evidence had been introduced that Morales and others in his group had been tracked at the La Gloria canyon by border agents. The district court, however, had only admitted evidence of statements from non-testifying agents for its influence on the agent who apprehended Morales. But even assuming the prosecutor's statements were improper, they do not amount to a due process violation because there is not a "reasonable probability" of a different result had the misstatements not occurred. *Hein v. Sullivan*, 601 F.3d 897, 914–15 (9th Cir. 2010) (citation omitted).

The government's case was strong, and the district court gave multiple limiting instructions, which both reduced the likelihood that the misstatements tainted the verdict. *See United States v. Lopez*, 4 F.4th 706, 718 (9th Cir. 2021) (citations omitted); *see also United States v. Weatherspoon*, 410 F.3d 1142, 1151 (9th Cir. 2005). For the same reasons, any nonconstitutional error from admitting the misstatements was harmless. *See United States v. Perlaza*, 439 F.3d 1149, 1171 (9th Cir. 2006) (citation omitted) (stating that this court must reverse unless "it is more probable than not that the [nonconstitutional] error did not materially

3

affect the verdict").

Other statements that Morales identifies were not misstatements of evidence. For example, Morales argues that the prosecutor misstated the evidence by misdescribing the defense's theory. But the defense's theory of the case is not evidence. *See United States v. Jaimez*, 45 F.4th 1118, 1127 (9th Cir. 2022) (citation omitted).

3. Morales next argues that the district court erred in admitting evidence about non-testifying agents' statements for the non-hearsay purpose of their influence on the arresting agent. Morales contends that admitting these statements violated the Sixth Amendment's Confrontation Clause. Because Morales did not raise a Confrontation Clause objection at trial, we review for plain error. *United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017) (citation omitted). When reviewing for plain error, the party who failed to preserve a claimed error must demonstrate "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021) (citation omitted).

Even if the admission of evidence about the non-testifying agents' statements violated the Confrontation Clause, which we do not decide, Morales's claim fails because he has not shown a reasonable probability that, but for the admission of those statements, the outcome of the proceeding would have been

4

different.  The only testimony the arresting agent gave regarding the other agents' statements was that he went to La Gloria because he "overheard some agents working [a] group in the La Gloria area."  This evidence was not "damning nor of great force, as in cases in which the testimonial statements pertain to the defendant *directly*."  *United States v. Gomez*, 725 F.3d 1121, 1131 (9th Cir. 2013) (citations omitted).  And the other evidence presented at trial was quite strong.  *See United States v. Macias*, 789 F.3d 1011, 1019 (9th Cir. 2015) (holding that a defendant's substantial rights were not affected when there was "overwhelming evidence").  Therefore, any violation of the Confrontation Clause did not affect Morales's substantial rights.

Morales's argument that evidence of the non-testifying agents' statements was irrelevant under Rule 401 of the Federal Rules of Evidence fails for the same reason.  *See United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990) (explaining that plain error review applies when a party fails to object below).

**AFFIRMED.**